**KOREA DEEP SEA FISHERIES ASSN. (SAMOA OFFICE), an American Samoa Corporation, Plaintiff**

**v.**

**THE M/V CORONA #1, her cargo, etc., Defendant In Rem**

**v.**

**KYUNG YANG TRADING COMPANY, Defendant in Personam**

**SOUTH WEST MARINE OF SAMOA, INC., Intervenor**

---

**SOUTH WEST MARINE OF SAMOA, INC., Plaintiff**

**v.**

**KOREA DEEP SEA FISHERIES ASSN. (SAMOA OFFICE) and I.S. LEE, Defendants**

High Court of American Samoa
Trial Division

CA Nos. 103-92, 15-93 (Consolidated)

March 16, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Korea Deep Sea Fisheries Assn. and I.S. Lee, William H. Reardon
For South West Marine of Samoa, Inc., Marshall Ashley

Order Denying Motion for a New Trial:

On December 2, 1994, this court entered judgment in favor of plaintiff Southwest Marine of Samoa, Inc. ("SWM") against defendant Kyung Yang Trading Company ("KYTC") in the sum of $52,369.84 for moorage of KYTC vessels abandoned at SWM's dock between August 30, 1992 to May 31, 1993. The court also held that defendant Korea Deep Sea Fisheries Association ("KDSFA") was not liable to SWM for such mooring services because KDSFA was merely an agent of the boat owner, KYTC. SWM moved for a new trial on the grounds that KYTC was a partially disclosed principal, making KDSFA, the agent, liable as a party to the transaction.

██ SWM argues that an agent is liable as a party to a contract even though the other party is aware of the agency but has no knowledge of the principal's identity. In these situations, the agent is said to be acting for a partially disclosed principal. *See Jensen v. Alaska Valuation Service, Inc.*, 688 P.2d 161, 163 (Alaska 1984) (citing RESTATEMENT (SECOND) OF AGENCY §§ 321, 332 (1958) (an agent who makes a contract for an undisclosed or partially disclosed principal will be liable as a party to the contract)). However, as counsel conceded at the hearing of the motion, SWM's liability [of the agent] contention presupposes that the parties had entered into an underlying contract for moorage services. In this court's original opinion and order, however, this court did not award damages to SWM on contract theory; rather, it awarded SWM damages on a *quantum meruit* basis, finding that $52,369.84 was the "reasonable value" of the mooring services rendered to vessels that are abandoned at its dock.[1] Under

---

[1] At trial, SWM's contract theory of liability was premised on a document styled "Standard Open Quotation Contract." This same contract

these circumstances, we see no basis for imputing liability to KDSFA because of its agency status. The motion for new trial is, therefore, denied.

It is so ordered.

---

argument advanced by SWM in another abandoned boat case was similarly rejected by this court as unsubstantiated. *See Southwest Marine of Samoa, Inc., v. M/V Korbee #2, et al.*, CA No. 96-92, slip op. (Order on Motion for Default Judgment, Dec. 23, 1992).